Chief Justice Robertson
delivered the Opinion of the Court.
The appellee sued the appellant, in a writ of dower, unde nihil, &c. and declared as follows :—
“ Mary Brodrick, a widow, who was the wife of David S. Brodrick, deceased, by Francis 1'. Hord, her attorney, comes and demands against Robert Taylor, the third part of six lots, or thirty five acres of land, with the appurtenances thereunto belonging, which is situate in the town of Washington, on the east side thereof, in *346 the county of Mason, and are known on the plat of the town of Washington, as lots No. 110, 127, 128, 129, 130 and 131 ; which said lots and parcel of land, with ^ie appurtenances thereunto belonging, were owned and. possessed in fee, by the said David S. Brodrick, in his life time, and while the said Mary was his lawful wife; which said lots are now claimed and possessed by Robert Taylor, who claims the same by'purchase. And the said Mary demands her dower therein, being entitled thereto by the endowment of the said David S. Brodrick, deceased, heretofore her husband, whereof she is deforced and hath nothing &c. ; and she prays that she may recover against the said Robert Taylor the value of the mesne profits arising from the use of the undivided third of the premises of which her husband was so seized, as aforesaid, from the death of the said David S. Brodrick, to wit, from the-day of September, 1823, up to the rendition of the judgment herein ; which she avers is reasonably worth one hundred dollars a year ; of which she hath had nothing, although the said Robert Taylor has often been requested the same : wherefore &c>
rer^ L^ain©?" enquiry judgment,in the court below.
Tavlor appeared, and pleaded, that David S. Brod-rick had not died seized of the lots. A demurrer to the vlea was sustained ; and thereupon, Tavlor having failed to plead over, a jury, sworn to enquire of damages, returned rhe following verdict: — “ We find that David S. Brodrick, in his life time, (and during that time Mary Brodrick was his wife,) owned and possessed lots No. 110, 127, 128, 129, 120 and 131, in the town of Washington ; which he conveyed, and they have come to,be owned and possessed by Robert Taylor, under him, who now lives in the possession thereof, in which said Mary Brodrick is entitled to dower.” Whereupon, the court rendered the following judgment: — “Therefore, it is considered by the court, that the plaintiff recover against the said defendant, according to the finding of the jury in their verdict aforesaid, one third part, hy metes and bounds, her dower in the lots No. 110, 127, 128, 129¶ 130 and 131, in the town of Washington, which came to be owned and possesséd by the defendant, and who now *347 lives in-the possession thereof, according to the value and condition of tJie said lots at the date of the conveyance made by the said David S. Brodrick.”
Several parcels of land in possession of the same tenant, in the same town, may be. included in one suit at law for dower.
A plea, in a suit for dower, that the husband did not die seized of the land, is immaterial, and no1 bar to the action.
If the deft was purchaser lrom the has band, #• has added to the value of the land by improvements, those facts may be pleaded, Sf will be available to curtail the allotment.
The dec’n, in dower, containing nothing to entitle the de-mandant to dam ages, to take a writ of enquiry was irregular ; but the verdict being for the dower only, not-for any damages, may be disregarded, and the judgment, on the default, might be sustained.
To reverse that judgment, this appeal is prosecuted.
The appellant insists, that the count is insufficient ; the plea good ; the writ of inquiry improper, and the judgment vague and erroneous.
First. The count is substantially such as is prescribed in ancient forms. See 2 Saund. Rep. 44. It contains much that is superfluous ; but its redundancies are not such as to vitiate the essence, which is good and sufficient to authorize a judgment for dower. As there is only one demandant, and one tenant, holding and claiming, all the lots, in the same town, it was proper to in. elude the whole in one suit ; and although the count may not allege such seizin by Brodrick, or such a demand by the demandant, as would entitle her to damages, nevertheless, it is sufficient to authorize a judgment for dower, and no damages W'ere assessed : so that there is no sufficient cause for objection to the count.
Second. The plea is not good. YVhether the husband died seized or not, is not material, except as to the question of damages. And,- as the count shewed no right to damages, and did not allege seizin in David S. Brodrick at his death, the plea was immaterial ; and moreover, it could not be, as it purported to be, a bar to the action, even had the fact pleaded been material..
If the appellant had enhanced the value of the land by improvements, that fact, properly pleaded, together with a purchase from Brodrick, might have been available to shew that the appellee was not entitled to dower in one third of the laud, but only in a third of the value without such enhancement.
Third. As the count contains no allegation which entitled the demandant to damages, the writ of enquiry as to damages was certainly irregular and unnecessary. And it may, also, be admitted, that the finding of the jury was altogether anomalous and uncalled for by the law, or by the oath which was administered to the jury. *348 Buf, nevertheless, as the default entitled the demandan? to a judgment for dower in the lots, and there was no verdict or judgment for damages, the finding by the ju" rv, should be considered as only art unmeaning and inoperative expletive; and therefore, the judgment is as good as it would have been, had it been pronounced, as it might and regularly should have been, without the en-quiry by the'jury, about matters respecting which there was no proper occasion for such an enquiry.
A judgment! for dower, according to- the value of the land at the time when it was conveyed by the husband, is erra-neous-
íf the value of laud is enhanced by improvements made by the tenant, under a bona fide purchase from the husband,the wido , will be endowed of so much only as will be equal in value to k of the land independent of thoseim-provements.-ir there is no such increase of ment wUl¿efor £ of each par-ant relies'on his improvement of the property ,he must pn.-i.ci it ; ana the i'acts must be tried by a juiy, who dottru.ni» what portion ot the p.opeity in its improved state, will be equivalent to ith-out the improve tneuts : • ior v. Inch, to be allotted by metes and bounds by the sheriff, the widon will liave judgment.
*348 Fourth. The only remaining question is, the propriety and sufficiency of the judgment.
The proper mode' of rendering a judgment for dower has been settled by this court, in the case of Waters vs. Gooch, Manuscript Opinion of Fall Term, 1832. The judgment in this case is not as formal as it might have been. But the only substantial objection to it, is, that it-directs an allotment according to the value of the lots “ at the date of a conveyance by David S. Brodrick.” Had such a qualification been proper, the time to which the assessment was to have reference should have been fixed by the judgment, and not have been left to the arbitrium of a sheriff, governed altogether by facts in pais. The conveyance by Brodrick does not appear, nor is it identified. But the restriction as- to time, was not authorized by any thing in the record.
If the appellant he a bona fide alienee, and had, since his purchase, made improvements which enhance the value of the lots, the appellee would be entitled to dower in only so much of the lots thus improved, as would be. equivalent to one third of their value at the time of allotment, had there been no melioration. Such seems to be the settled American doctrine. See 4 Kent’s Com. 2nd edition, 67-8, and the cases there referred to.
If the value of the lots has not been increased by such ameliorations, the measure of the appellee’s dower would pe 01!e third 0f eacb ¡ot as jt stands at the time of ad-measurement. And such should have been the judgment °f ^le court, unless it had been shewn that the value of the lots, or of some one or more of them, is increased by the labor or money of the appellant, as a bonafi.de alienee from the husband of the appellee. But *349 there is not even an intimation in the record, that any one ot the lots has had any such augmented value imparted to it. And consequently, as the appellee claimed one third of the lots, and that claim ..as not been, to any extent, resisted, or in any way modified by pioot, the proper judgment would have been ior one tima o¡ the lots, without any qualilication or restriction, Jriau the lots, or any ol them, been enhanced m value by the appellant, as a purchaser from the husband, it was his duty to aver that fact, anti thus have shewn, that the appei. lee was not entitled toas much as she claimed. Had lie'hied an appropriate plea for that purpose, and the appellee bad not replied to it, the judgment should have been according to the plea ; or had an issue oi fact been concluded, a jury should have been empanneiiett to try it, and should have ascertained, from proof, the value oí each lot as unimproved, and the value of each as improved, (since the alienation from the husband,) and thus fixed the true standard for admeasurement of dower :— for example, if theyr found that a lot had been improved by the appellant, as a bona fide alienee from the appellee's husband, and had ascertained that, without sucli improvement, it would be worth one thousand dollars, but that, as thus improved, it was worth two thousand dollars, the appellee should be endowed of one sixth, instead of one third, and the judgment should be, that the sheriff assign to her, by proper metes and bounds, one sixth in value of the land so improved — equal to one third without such improvement. The proportion of value to be allotted for dower, must be fixed by the juagment; and whenever it shall be less than one third, in consequence of improvements, it should be ascertained in court, upon a proper issue, or in consequence of an appropriate plea.
Judgment reversed, because it may (tho’ it does not appear that it will) operate to. the injury of the appellant.
We therefore conclude, that the judgment of the circuit court is erroneous, and that the error may operate injuriously to the appellant. The judgment must be reversed, and the case remanded.